IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CATHESHIA HALL<br>    Plaintiff | §<br>§<br>§ | |
| VS. | §<br>§ | C.A. 4:24-cv-974 |
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR ON BEHALF OF THE HOLDERS OF THE ASSET BACKED SECURITIES CORPORATION HOME EQUITY LOAN TRUST, SERIES AEG 2006-HE1 ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES AEG 2006-HE1<br>    Defendant | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |

## JOINT DISCOVERY-CASE MANAGEMENT PLAN

Pursuant to the Court's Order Setting Conference Defendant, U.S. Bank National Association, as Trustee, on Behalf of the holders of the Asset Backed Securities Corporation Home Equity Loan Trust, Series AEG 2006-HE1 Asset Backed Pass-Through Certificates, Series AEG 2006-HE1 ("**Trustee**" or "**Defendant**") and Plaintiff Catheshia Hall ("**Plaintiff**") file this Joint Discovery/Case Management Plan.

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

    The initial meeting between the parties was conducted via email exchange on May 31, 2024 between Michael F. Hord Jr., attorney for Defendant and Jason A. LeBeouf for Plaintiff.

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

    None.

3. <u>Briefly</u> describe what this case is about.

    Plaintiff, the borrower under a residential mortgage, filed suit to halt foreclosure efforts by Defendant based on a residential mortgage in default. Plaintiff has asserted causes of action for breach of contract, fraud, violations of the Texas Debt Collection Practices Act, breach

of duty of cooperation and a request for injunctive relief. Defendant denies the claims both factually and legally.

4. Specify the allegation of federal jurisdiction.

   Diversity Jurisdiction.

5. Identify the parties who disagree and the reasons.

   None.

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

   None known at this time.

7. List anticipated interventions.

   N/A.

8. Describe class-action issues.

   N/A.

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

   The parties will exchange initial disclosures by June 7, 2024.

10. Describe the proposed agreed discovery plan, including:

    A. Responses to all the matters raised in Rule 26(f).

       The parties have agreed that all discovery will be produced in paper or PDF form. No changes should be made to the time, form or requirements of Rule 26(f).

    B. When and to whom the plaintiff anticipates it may send interrogatories.

       Plaintiff anticipates sending interrogatories and request for production to Defendant by July 19, 2024.

    C. When and to whom defendants anticipate they may send interrogatories.

       Defendant anticipates sending interrogatories to Plaintiff by July 19, 2024.

    D. Of whom and by when the plaintiff anticipates taking oral depositions.

        If Plaintiff takes depositions, it would be of a corporate representative for Defendant.

    E.    Of whom and by when the defendant anticipates taking oral depositions.

        If Defendant takes depositions, it would be of Plaintiff.

    F.    (i)    When the plaintiffs (or party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B).

            No experts are contemplated other than those on attorney's fees.

        (ii)    When the defendant will be able to designate experts and provide the reports required by Rule 26(a)(2)(B).

            No experts are contemplated other than those on attorney's fees.

    G.    List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

        No experts are contemplated other than those on attorney's fees.

    H.    List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

        No experts are contemplated other than those on attorney's fees.

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

    Plaintiff and Defendant are in agreement with this Plan.

12. Specify the discovery, beyond initial disclosures, that has been undertaken to date.

    None.

13. State the date the planned discovery can reasonably be completed.

    The Parties anticipate that discovery can be completed by August 16, 2024.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

Based on the status of the loan defaults, Defendant is opposed to any settlement that involves anything other than cash for keys with an agreed foreclosure and that possibility will be exhausted. Plaintiff is seeking to explore another loan modification agreement and is open to continued settlement discussions.

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

    Defendant's position is that there are no legally viable claims asserted by Plaintiff and that Trustee has the right to foreclose absent immediate payment of the loan balance. The parties will informally exhaust settlement options and have begun that process.

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

    The parties are opposed to mediation and do not believe it would be productive. The parties will continue to exhaust settlement possibilities informally.

17. Magistrate judges may now hear jury and nonjury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    The parties do not agree to have a trial by Magistrate.

18. State whether a jury demand has been made and if it was made on time.

    No jury demand has been made.

19. Specify the number of hours it will likely take to present the evidence in this case.

    The Parties believe that 16 hours' time will be sufficient in this matter.

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    None at this time.

21. List other pending motions.

    None at this time.

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    N/A.

23. List the names, bar numbers, addresses, and telephone numbers, and emails of all counsel and unrepresented parties.

Jason A. LeBoeuf
State Bar No. 24032662
LeBoeuf Law Firm, PLLC
675 Town Square Blvd. Suite 200
Building 1A
Garland, Texas 75040
Tel. 214-206-7423
jason@leboeuflawfirm.com

**ATTORNEY-IN-CHARGE FOR PLAINTIFFS**

Michael F. Hord Jr.
State Bar No. 00784294
Federal I.D. No. 16035
Eric C. Mettenbrink
State Bar No. 24043819
Federal I.D. No. 569887
Hirsch & Westheimer, P.C.
1415 Louisiana, 36th Floor
Houston, Texas 77002
(713) 220-9182 Telephone
(713) 223-9319 Facsimile
mhord@hirschwest.com

**ATTORNEYS-IN-CHARGE FOR DEFENDANT**

| | |
|---|---|
| /s/ Jason A. LeBoeuf | 06/03/2024 |
| Jason A. LeBeouf., Counsel for Plaintiff | Date |

| | |
|---|---|
| /s/ Michael F. Hord Jr. | 06/03/2024 |
| Michael F. Hord Jr., Counsel for Defendant | Date |